IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

ANDRES FALCON and DONNA FALCON §
    Plaintiffs §
§
VS. § CIVIL ACTION NO. 1:12-cv-491-LY
§
STATE FARM LLOYDS §
    Defendant. §                JURY

DEFENDANT STATE FARM LLOYDS' REPLY TO
PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO STRIKE
EXPERT TESTIMONY OF JAMES FIELDS

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW State Farm Lloyds ("State Farm"), Defendant herein, and files this Reply to Plaintiffs' Response to Defendant's Motion to Strike the Expert Testimony of James Fields, and in support thereof would respectfully show unto the Court as follows:

## I.    *DAUBERT* STANDARD

The objective of the *Daubert* requirements "is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kuhmo Tire Co. v, Carmichael,* 526 U.S. 137, 152 (U.S. 1999). Therefore, the Court must determine whether the proffered expert witness is really qualified to testify based on his knowledge, skill, experience, training, or education, and the Court should refuse to allow the witness to testify if he is not qualified in a particular field or on a given subject. *Wilson v. Woods,* 163 F.3d 395, 937 (5th Cir. 1999). In addition the party proffering testimony, "must demonstrate that the expert's findings and conclusions are based on scientific method, and therefore, are reliable." *Moore v. Ashland Chemical Inc.,* 151 F.3d 269, 276 (5th Cir. 1998). "The expert's assurances that he has utilized generally accepted scientific methodology is insufficient." *Id.* Finally,

testimony that interprets the law or opines on ultimate legal issues is customarily excluded as unhelpful. *Owen v. Kerr-McGee Corp.,* 698 F.2d 236, 240 (5th Cir. 1983).

## II.      SUPPORTING EVIDENCE

In addition to the evidence previously provided with Defendant's Motion to Strike Expert Testimony of James Fields, Defendant relies on the following:

EXHIBIT A:   James Fields' Supplemental Report

EXHIBIT B:   Affidavit of James Fields

EXHIBIT C:   Additional Deposition Excerpts of James Fields

## III.     JAMES FIELDS' IS NOT A QUALIFIED EXPERT AND HIS OPINIONS AND TESTIMONY ARE INADMISSIBLE

### A. General expert issues

Defendant would like to point out the continuing evolution and additions to Fields' opinions and testimony in this case.  Plaintiffs presented Fields for deposition on 09/23/13.  At this deposition, Defendant was provided with, for the first time, a copy of Mr. Fields' Report, which was made an exhibit to the deposition and attached as Exhibit 1 to Defendant's Motion to Strike.

After Defendant's Motion to Strike was filed on 10/07/13, Plaintiffs' provided Defendant a copy of "James Fields' Supplemental Report Regarding Rainbow Drive, Bastrop Texas (Ex. A).  In this two-page report, Fields suddenly "understood" that where he took samples in the residence and what samples were sent to Armstrong Labs were relevant to his testimony concerning his "expert" work as a "smoke sample collector or technician." (Ex. A).  This understanding did not come when he was designated as an expert, when he was presented as an expert "smoke sample collector", when he answered Deposition on Written Questions requesting the same, or when he received a subpoena duces tecum requesting the same, so it is still unclear precisely

2

what triggered this "new" understanding by Fields. In addition, Fields realized in this report that he had actually taken another sample at the Falcon Residence and sent the same to Armstrong Labs sometime prior to 12/29/11 when Armstrong Labs issued its first report. (Ex. A). Furthermore, Field's was now suddenly able to "determine" where the samples he submitted (including the one he had completely forgotten was ever sent to Armstrong Labs) were taken in the Falcon Residence (Ex. A).

Next, in conjunction with Plaintiffs' Response to Defendant's Motion to Strike Fields filed on 10/17/13, Plaintiffs' provided an affidavit from Fields' dated 10/17/13 wherein he proffers additional information that he likely recently "understood" he needed to provide and recently "determined" was relevant to his expert testimony after producing a report and supplemental report in this case. (Ex. B). Apparently, Fields realized that "there are not currently any specific and conclusive industry standards/procedures required by an regulatory commission or the Insurance industry" that apply to his work. (Ex. B). In addition, he determined that information regarding his procedures for taking samples were relevant to his work as a "smoke sample collector or technician."

It's amazing how much Fields has been able to "understand" and "determine" in the month since he was deposed in this case, and one can only imagine what his rigorous procedures and methodologies will allow him to determine in the future.

### B. Fields is not an expert witness on contaminant testing because he lacks the requisite qualifications and failed to use reliable facts, data, methodologies, or principles in his work.

Plaintiffs' have designated Fields as an expert witness in this case. As an expert witness, Fields is given additional latitude to consider and introduce evidence that might otherwise be inadmissible. If all Fields is doing is acting as a fact witness, as alluded to by Plaintiffs' Response, then Fields' testimony could easily be excluded as

3

cumulative and duplicative, attacked as unreliable since he was being paid to observe theses facts, or excluded under numerous other rules of evidence.

Plaintiffs' Response indicates that, "Fields has personal knowledge of the sampling techniques and locations he used to collect the test samples collected from the Falcon Residence."  This assertion differs greatly from Fields inability to remember where he took samples, what samples he sent to Armstrong Labs, or even the precise techniques and standards he used, as outline in Defendant's Motion to Strike. (Ex. 2, pp. 34-39).  Plaintiffs also repeatedly emphasize Fields is a principal of National Smoke Contaminant Testing as if it has some special significance.  Anyone can create a company and have someone else build them a website, but this does not make one an "expert." (Ex. 2, pp. 44-45).

Plaintiffs' Response claims that Fields is a qualified expert because of his "self-study, experience and professional collaboration, Mr. Fields has a comprehensive knowledge of the appropriate process and methods of smoke damage test sample collection."  When one analyzes theses alleged qualifications, they quickly fall apart. Fields claims "self-study", but yet cannot remember one website, paper, or guideline that he studied to learn his craft when questioned about the same under oath. (Ex. 2, pp. 71-73; 102-104).  Fields' "professional collaboration" appears to be his decision to go into business with Everitt and one meeting with Marion Armstrong. (Ex. 2, pp. 25-28; 44-45; 49-50; 102-104).  As noted in Defendant's Motion to Strike, going into business with a retired fire chief and talking with him over the course of a few weeks does not make one an expert.  For that matter, it is unclear that Everitt is or ever was an expert on contaminant testing.  In addition, Fields had one in-person meeting with Marion Armstrong, which actually occurred over a year after he took most of the samples in this case.  Apparently in this meeting, Armstrong imparted all of the knowledge

necessary to take a valid SEP-PAC sample and confirmed his previous procedures for taking samples, all in roughly one-hours time, and without her giving Fields any written documentation of any type. (Ex. 2, pp. 25-28; 102-104).

Finally, Fields main "experience" appears to be the fact that he formed a contaminant testing company and conducted 150 to 200 samples, largely for Attorney Collins, however not once during his deposition could he point to any standards, procedures, or protocols he used. (Ex C, pp. 64; 71-75; Ex. 2, pp. 27-28).   Thus, his relevant experience appears to be that he has taken many tests and therefore he must know what he's doing.  This clearly does not meet the standard for expert testimony.

As outlined in Defendant's Motion to Strike Fields', the methodologies and principals used by Fields are clearly unreliable.  Plaintiffs' contentions that "Fields conducted his sample collection, handling and transmittal relating to the Falcon residence in accordance with the discussed reliable methods" are contrary to the testimony and evidence in this case.  The transmittal by Fields' did not even reference where the sample was taken in the residence and as outlined in his Supplemental Report, he didn't even remember sending one of the samples. (Ex. 2, pp. 87-89; Ex. A).

**C.  Fields' alleged expert real estate opinions should be excluded.**

Plaintiffs alleged that "Fields has experience to understand and explain to jurors how a seller's knowledge of smoke-related symptoms affect the seller's obligations in making seller disclosures…" and will explain a sellers duties under the DTPA. Basically, Fields has read the seller's disclosure form and wants to testify about it.  The Jury does not need anyone to explain the disclosure form to them. (Ex. 2, pp. 14-17). Furthermore, Fields is not an attorney and not qualified to analyze a potential sale in the context of a DTPA claim.  Once again, this proffered testimony is not expert testimony and does not aide the trier of fact.

Respectfully submitted,

WRIGHT & GREENHILL, P.C.
221 West 6th Street, Suite 1800
Austin, Texas  78701
512/476-4600
512/476-5382 (Fax)

By:_____
        Richard W. South
        State Bar No. 18863175

        ATTORNEYS FOR DEFENDANT
        STATE FARM LLOYDS

**CERTIFICATE OF CONFERENCE**

        I hereby certify that on October 7, 2013, I conferred with Plaintiff's counsel, via email, regarding the substance of this motion and Plaintiffs' counsel indicated he is OPPOSED.

_____
Richard W. South

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been sent by facsimile to the counsel listed below, in accordance with the Federal Rules of Civil Procedure, on this 21st day of October 2013.

Mr. Robert L. Collins
P.O. Box 7726
Houston, Texas 77270-7726
(713) 467-8884
**(713) 467-8883 FAX**

_____
Richard W. South